IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SH AKTIVE UNTERNEHMENSBETEILIGUNGEN GmbH & CO. KG, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-12-3-L |
| INSURED AIRCRAFT TITLE SERVICE, INC., | ) ) ) | |
| Defendants. | ) | |

## **O R D E R**

Plaintiff SH Aktive Unternehmensbeteiligungen GmbH & Co, KG ("SH Aktive") brings this action against defendant Insured Aircraft Title Service, Inc. ("IATS") seeking a declaratory judgment and an accounting. Complaint, Doc. No. 1. The Complaint's Statement of Facts provides the following background for the present lawsuit (paragraph numbering and emphasis as in original):

> 6.  On or about May 26, 2011, SH Aktive, as seller, entered into an aircraft purchase agreement to sell a Cessna Citation CJ1 Aircraft to AC Invest GmbH. Under the terms of the Aircraft Purchase Agreement, IATS was designated as the escrow agent.
>
> 7.  Under the terms of the Aircraft Purchase Agreement, the purchaser, AC Invest GmbH, was to deliver $1,600,000.00 to the escrow agent, along with other required documents necessary for the delivery and transfer of title of the aircraft from SH Aktive to AC Invest.
>
> 8.  Under the terms of the Aircraft Purchase Agreement, IATS, as escrow agent, was to notify the seller and purchaser when all required

documents and the purchase price had been deposited with the escrow agent.  Once all required documents and the purchase price had been deposited with the escrow agent, the escrow agent was to instruct the seller's designated agent in the Cayman Islands to submit an application for deregistration from the Cayman Islands registry to the Cayman Island civil aviation authority.  Under the terms of paragraph 6 of the Aircraft Purchase Agreement, once the escrow agent received written confirmation that the aircraft had been deregistered from the Cayman Islands registry, the escrow agent was to disburse the funds from the escrow account to SH Aktive and complete the closing of the aircraft.

9. In the sales transaction of the Cessna Citation aircraft from SH Aktive to AC Invest, SH Aktive appointed Spherus Aviation GmbH as the seller's representative and agent.

10. Based upon information and belief, the purchaser of the aircraft, AC Invest GmbH, transferred the agreed upon purchase price of $1,600,000.00 into escrow with IATS.

11. Under the terms of the Aircraft Purchase Agreement, IATS was then to release the purchase price to the seller, SH Aktive.  However, it now appears that IATS delivered the escrow purchase price <u>back to the account of the purchaser</u>, AC Invest.  Based upon information and belief, SH Aktive understands that IATS claims that the delivery of the purchase price back to the purchaser was done upon the instructions of the broker, Spherus Aviation GmbH.

12. Thereafter, SH Aktive only received $999,390.73 of the purchase price from the purchaser.  The remaining portion of the purchase price was delivered to Spherus Aviation GmbH by AC Invest.

13. Even though SH Aktive delivered possession of the aircraft to the purchaser, AC Invest, SH Aktive has not received full payment for the aircraft.  SH Aktive has made numerous inquiries to IATS and to Spherus Aviation to try to find out what has happened to the balance of the purchase price.

Spherus Aviation has failed and refused to respond to the numerous inquiries of SH Aktive. However, SH Aktive has determined that the balance of the purchase price is now in the possession of Spherus Aviation GmbH. In addition, IATS has advised that it is unable to disclose any information regarding this transaction to the seller in the transaction, SH Aktive.

14. SH Aktive contends that if the purchase price was transferred by IATS out of the escrow account and back to AC Invest, the purchaser, that such transfer was in violation of the terms of the Aircraft Purchase Agreement, and was never authorized or approved by SH Aktive. Any instruction by Spherus Aviation (or anyone else) to IATS to return any part of the purchase price to AC Invest was never authorized by SH Aktive and would clearly have violated the terms of the aircraft purchase agreement.

15. SH Aktive's demands for an explanation of what happened to the escrow funds and a demand for an accounting of all funds has been refused by IATS.

16. A present and actual controversy exists between SH Aktive and IATS concerning whether or not IATS was authorized to return escrow funds back to the purchaser, AC Invest and/or Spherus Aviation GmbH.

Based on the alleged facts, and in addition to its claims for a declaratory judgment and for an accounting, SH Aktive also requests an order of the court "directing IATS to provide to SH Aktive all documents, communications, electronically stored information, and any other business records that regard or relate to the deposit of documents and funds into the escrow account and the disbursement of funds from the escrow account by IATS. Id., p. 6.

The procedural history of this case reveals that by order dated February 6, 2012 [Doc. No. 12], the court directed defendant IATS to produce its designated

representative for deposition and to produce documents requested in the Notice of Deposition by February 27, 2012. The court's order also provided: "<u>Any party to such transaction(s) [involving the Cessna Citation CJ1 model aircraft, Serial Number 525-0364 and related engines and component parts, in which defendant served as the escrow agent] that has any objection to the deposition of the defendant or to the production of documents sought by the plaintiff from the defendant must file an objection with this court before February 24, 2012</u>." (Emphasis in original.) The court's order further provided that in the event any objection was filed, the deposition and production of documents shall be stayed pending further order of this court.

Only one objection was filed in response to the court's order. Non-party Spherus Aviation GmbH ("Spherus") filed a letter with the court objecting to the production of documents [Doc. No. 13]. Local counsel for Spherus later entered an appearance and filed a response to the court's order regarding disclosure of information [Doc. No. 16], in which it objects to disclosure of its private information and also contends that this court lacks jurisdiction in that there is no actual case or controversy between SH Aktive and IATS in this lawsuit. The court ordered the parties to file responses to the objection filed by the non-party Spherus, and Spherus filed a reply brief, all of which the court has carefully considered.

Spherus contends that the court lacks jurisdiction over this action between SH Aktive and IATS because there is no "case or controversy." Although SH Aktive and

IATS disagree with Spherus as to whether this case presents a valid case or controversy, the authorities providing a mechanism for determining whether a case or controversy is present are not in dispute.

The Declaratory Judgment Act, 28 U.S.C. § 2201(a) provides "In a case of actual controversy within its jurisdiction. . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  The Tenth Circuit has instructed that this language creates two hurdles that must be overcome by the party seeking a declaratory judgment before the court will properly entertain a declaratory judgment action.  Surefoot LC v. Sure Foot Corp., 531 F. 3d 1236, 1240 (10th Cir. 2008) (citation omitted).

First, there must be an "actual controversy" at issue, in other words, "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  Id. at 1244 (quotation omitted).  This inquiry has been equated with the Constitution's case or controversy requirement.  Surefoot, 531 F.3d at 1240 (citations omitted).

If the court finds that a case or controversy exists, it proceeds to a consideration of the second hurdle, which requires the court to decide, in the exercise of its discretion, whether to proceed with the declaratory judgment action. In this connection, the court must consider a number of factors, including:  (1)

whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; (4) whether use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.  Surefoot, 531 F.3d at 1248, citing State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994).

     Mindful of these authorities and upon a careful consideration of the record before the court, the court concludes that an actual case or controversy exists between SH Aktive and IATS.  Spherus' objection to discovery in this matter is merely a continuation of the interference concerning the relationship between SH Aktive and IATS that is the basis of the controversy.  By following the directions of Spherus, IATS has acted to deprive SH Aktive of the most basic of information involving a significant financial transaction to which SH Aktive was a party.  While it is clear that Spherus wants any instructions it may have given IATS in this regard to remain "confidential," the court finds that this result would be unreasonable under the circumstances.  As noted by IATS, Spherus has not offered a justification as to why SH Aktive is not entitled to seek an accounting of IATS' books and records relating to a transaction in which SH Aktive was a party.  SH Aktive has resorted to this forum in an attempt to settle the conflicting accounts as to the manner in which

the escrow funds were distributed by IATS and, significantly, has otherwise been stymied in its efforts to obtain a full explanation of the actions of IATS with respect to the escrow funds.  As it stands, SH Aktive is incapable of determining by what particular authority IATS distributed the aircraft sales proceeds as it did.  Although IATS claims that it followed the instructions of the parties to the transaction and/or their designated agents in fulfilling its responsibilities as escrow agent for the transaction, IATS has not released information sought by SH Aktive, based upon the instructions of Spherus that IATS was not to provide any further information to SH Aktive.  Since the actions of IATS in purportedly "following instructions" resulted in alleged harm to SH Aktive in that it was allegedly deprived of escrow funds as required by the Aircraft Purchase Agreement, the court clearly finds that SH Aktive has presented an actual case or controversy in this action.

The court's consideration of the pertinent factors also weigh in favor of the court proceeding with this action.  Allowing this case to proceed will lead to the resolution of the present controversy between SH Aktive and IATS.  This action will clearly serve a useful purpose in clarifying the legal relations at issue between SH Aktive and IATS.  In this regard, the court rejects Spherus' rather vague argument that all necessary parties are not before this court.  The court has been advised of the pending litigation between SH Aktive and Spherus "and others" in a case pending in Germany.  See Doc. No. 15, p. 2.  The court agrees with SH Aktive that the pendency of the German litigation should not preclude this declaratory action

concerning the rights and obligations between SH Aktive and IATS.  The language of the Declaratory Judgment Act unambiguously states that the court may declare the rights and other legal relations of the party seeking such relief, "whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The court finds it inappropriate to allow the existence of another lawsuit to continue to thwart SH Aktive's efforts to gain basic information about how the sales proceeds were disbursed by the escrow agent, IATS, in a transaction to which it was a party.  Further, the request for a declaratory judgment action in this case cannot be reasonably interpreted as being used merely for the purpose of procedural advantage or to establish res judicata, particularly in light of SH Aktive's response that since Spherus is a non-party, it will not be bound by any ruling in this case.  Given the circumstances, the court cannot say that SH Aktive has an alternative remedy which would be more effective.  Therefore, in the exercise of its discretion, the court determines that this action should be allowed to proceed.

At this time, however, the court agrees with Spherus that the document production sought by SH Aktive in this case should be limited to the one transaction which is the subject of the Complaint, *i.e.*, the transaction in which SH Aktive, as seller, entered into the Aircraft Purchase Agreement to sell a Cessna Citation CJ1 Aircraft to AC Invest GmbH wherein IATS acted as escrow agent, since the actions of IATS with respect to this transaction are the subject of this lawsuit.  Spherus' request to participate in the deposition of the IATS representative and/or to receive

advanced copies of what IATS proposes to produce is denied.

Accordingly, subject to the clarification above which limits the scope of discovery to the transaction involving the Aircraft Purchase Agreement described in the Complaint, Spherus' remaining objections to the court's previous order regarding disclosure of information are **overruled.**

IATS is hereby ordered to proceed with SH Aktive's discovery requests as set forth in the court's order dated February 6, 2012 [Doc. No. 12], as modified and limited by this order, at a time and in a manner mutually agreed upon by SH Aktive and IATS, or as directed by any Notice of Deposition to be issued by SH Aktive.

It is so ordered this 24th day of May, 2012.

*Tim Leonard*
TIM LEONARD
United States District Judge